IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES GRANT BREWER, ALEXANDRA L. BREWER,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF SOUTHPOINTE AT WAIAKOA CONDOMINIUM HOMEOWNERS ASSOCIATION; HAWAIIANA MANAGEMENT CO., LTD.; BILL DIX individually and as Property Manager, HAWAIIANA MANAGEMENT GROUP; DONALD C. CHAIKIN, Attorney; and DOES 1 through 20,<br><br>Defendants. | CV. NO. 10-00315 DAE-BMK |

ORDER: (1) DENYING CHAIKIN'S MOTION TO DISMISS;
(2) VACATING HEARING

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. On June 2, 2010, Plaintiff James Grant Brewer, proceeding pro se, filed a 136-page Complaint in this Court and a Motion for Temporary Restraining Order. (Doc. # 1.) On the same day, because the Court was unable to discern what Plaintiff's claims might be, or even whether there was any relief available to Plaintiff under the law, the Court denied Plaintiff's TRO

Motion. (Doc. # 4.) On June 28, 2010, Plaintiff filed an "Amended and Corrected Petition" (Doc. # 8), which was stricken by the Court on July 9, 2010 (Doc. # 9).

On July 16, 2010, Plaintiff filed a "Third Amended Complaint," which asserts various state and federal claims against Defendants Association of Apartment Owners of Southpointe at Waiakoa Condominium Homeowners Association, Hawaiiana Management Company, Ltd., Bill Dix, and Donald C. Chaikin ("Chaikin") (collectively, "Defendants").[1] (Doc. # 11.) The majority of these claims relate to a loan transaction that Plaintiff entered into to purchase and refinance real property located at 480 Kenolio Road, Apartment # 2-106, Kihei, Hawaii 96753.

On November 30, 2010, Plaintiff filed another TRO Motion (Doc. # 38), which the Court denied on the same day (Doc. # 40). On February 10, 2011, Chaikin filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(5). ("Mot.," Doc. # 46.) Plaintiff did not file an opposition, and Chaikin in turn, did not file a reply.

---

[1] The Third Amended Complaint also added as Plaintiffs Alexandra L. Brewer and Carol Estelle Sterling. Sterling subsequently requested to withdraw as a plaintiff in this case, and U.S. Magistrate Judge Barry M. Kurren granted her request on November 23, 2010 (Doc. # 37).

Rule 12(b)(5) provides for dismissal for insufficient service of process. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citing Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982)); see also SEC v. Ross, 504 F.3d 1130, 1138–39 (9th Cir. 2007) ("[T]he district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." (citations omitted)); In re Focus Media Inc., 387 F.3d 1077, 1081 (9th Cir. 2004) ("'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" (quoting Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)). "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" Direct Mail Specialists, 840 F.2d at 688 (quoting United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)). The

plaintiff bears the burden of establishing that service is valid under Rule 4.[2] Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted).

Rule 4(e) states generally that an individual may be served by any of the following methods: (1) following state law for serving a summons; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

Rule 4(m) provides that service must be effectuated within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). If service is not made during this time period, the court, "on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specific time." Id. If, however, "the plaintiff shows good cause for

---

[2] Although Chaikin is challenging service of Plaintiff's amended complaint, Rule 4 nonetheless applies here, rather than Rule 5, because there is no evidence that Plaintiff's original complaint was properly served. See Emp. Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 995–96 (9th Cir. 2007) (clarifying that "an amended complaint can often be served in the same manner as any other pleading [in accordance with Rule 5] if the original complaint is properly served and the defendants appeared in the first instance").

the failure, the court must extend the time for service for an appropriate period." Id.

Absent a showing of good cause, courts have broad discretion under Rule 4(m) to extend the time for service or dismiss the action without prejudice. See In re Sheehan, 253 F.3d. 507, 512 (9th Cir. 2001) ("Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." (internal citations omitted)); Efaw v. Williams, 473 F.3d 1038, 1040–41 (9th Cir. 2007). In making extension decisions under Rule 4(m), a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." Efaw, 473 F.3d at 1041(citation omitted).

Here, it appears that Plaintiff attempted to serve Chaikin by sending him a copy of the summons and Third Amended Complaint through certified mail.

(See Docs. ## 14, 16, 20.)  This does not comply with any of the possible personal service methods outlined in Rule 4(e).[3]  See Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) ("[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" (quoting Jackson, 682 F.2d at 1347)).  Moreover, Chaikin states that he has never been properly served with the Third Amended Complaint and that he never agreed to waive service.  (See Mot., Affidavit of Donald C. Chaikin ¶ 4); see also Fed. R. Civ. P. 4(d) advisory committee's note to 1993 amend. (explaining that service cannot be effected by mail "without the affirmative cooperation of the defendant[,]" and that "[i]t is more accurate to describe the communication sent to the defendant as a request for a waiver of formal service").  Plaintiff's error in service appears to be easily correctable, however, and there is a reasonable prospect that Plaintiff will be able to serve Chaikin properly.  Although "[p]ro se litigants must follow the same rules of procedure that govern other litigants[,]" King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), here, Chaikin

---

[3] To serve by mail, Plaintiff must have first requested Chaikin's cooperation pursuant to Rule 4(d).  See Fed. R. Civ. P. 4(d).

has received actual notice of the lawsuit and will suffer no prejudice if the instant action is not dismissed but Plaintiff is allowed additional time in which to properly effect service.[4]

Accordingly, the Court DENIES Chaikin's Motion to Dismiss. (Doc. # 46.) Pursuant to Rule 4(m), the Court extends the time to serve until 30 days from the date of this Order. If Plaintiff fails to serve Chaikin within that time, a subsequent motion to dismiss will be granted. The July 1, 2011 hearing on this matter is VACATED.

---

[4] Chaikin argues that this case is analogous to Palmer v. City & County of Honolulu, 2008 WL 425579 (D. Haw. Feb. 15, 2008), wherein Chief U.S. District Judge Susan Oki Mollway dismissed the plaintiffs' claims against individual Honolulu Police Department officers who had not been properly served. (Mot. at 3.) Palmer constitutes merely persuasive authority on this Court, and it is also readily distinguishable. In that case, the plaintiffs, who were represented by counsel, failed to serve the individual defendants in the action even though they had known the defendants' identities for more than one year. Palmer, 2008 WL 425579 at *4. The plaintiffs also neglected to oppose a dispositive motion and failed to file a motion to continue a hearing, although they represented to the court that they would file the motion for a continuance. Id. Conversely, here, Plaintiff is proceeding pro se, and although he did not oppose the instant motion to dismiss, he has nonetheless attempted to participate in these proceedings. The "overall lack of activity" present in Palmer simply is not duplicated here.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 23, 2011.



_____
David Alan Ezra
United States District Judge

Brewer et al. v. Chaikin et al., Cv. No. 10-00315 DAE-BMK; ORDER: (1) DENYING CHAIKIN'S MOTION TO DISMISS; (2) VACATING HEARING